IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WENDY McFADDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case Number CIV-11-1506-C |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On March 24, 2009, Plaintiff filed her application for Supplemental Security Income Benefits. In that application she alleged a disability onset date of August 1, 2007. Plaintiff's application was denied at the initial and reconsideration levels and on January 27, 2011, she appeared for a hearing before an Administrative Law Judge ("ALJ"). On April 25, 2011, the ALJ entered an unfavorable decision denying the request for benefits. Plaintiff sought review by the Appeals Council. That request was denied. Plaintiff then filed the present action seeking District Court review of the denial of her request for benefits.

The ALJ applied the five-step sequential process to determine whether or not Plaintiff was eligible for benefits. At step two of that process the ALJ determined that Plaintiff had the following impairments which have been defined as severe: osteoarthritis, obesity, and affective mood disorder. (Dkt. No. 8, p. 16.) At step three, the ALJ determined that Plaintiff did not meet or equal any of the Social Security listings as described in 20 C.F.R. pt. 404, subpt. P, app. 1. (Dkt. No. 8, p. 17.) At step four, the ALJ determined that Plaintiff had the following residual functional capacity ("RFC"):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 10 pounds occasionally and less than 10 pound frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for at least 2 hours during an eight-hour workday. The claimant can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders, ropes, or scaffolds. The claimant can occasionally reach overhead. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can respond appropriately to supervisors, co-workers, and usual work situations, but can have only occasional contact with the general public. The claimant can perform low-stress work (defined as occasional decision making and occasional changes in work-place settings).

(Dkt. 8, p. 19.) At step five the ALJ then determined that Plaintiff was unable to perform any of her past relevant work. After considering Plaintiff's age, education, transferable skills, and RFC, the ALJ determined that there were jobs existing in significant numbers in the national economy that Plaintiff was capable of performing. Therefore, the ALJ determined that Plaintiff was not disabled and denied her request for benefits.

In pursuing her appeal here, Plaintiff asserts three arguments: 1) The ALJ erred by failing to elicit testimony from Plaintiff regarding her mental impairments; 2) the ALJ erred in finding that Plaintiff did not meet Listing 12.04; and 3) the ALJ erred in his RFC assessment. The Court will examine each error in turn.

Plaintiff argues that because Social Security proceedings are inquisitorial rather than adversarial, the ALJ has a duty to investigate the facts and develop the arguments both for and against granting benefits. See Sims v. Apfel, 530 U.S. 103 (2000). Defendant agrees with this standard and asserts that the ALJ adequately developed the record. In considering the duty of the ALJ to develop the record in a case where the claimant was not represented

by counsel, the Tenth Circuit has stated the ALJ must ask "sufficient questions to ascertain (1) the nature of a claimant's alleged impairments, (2) what on-going treatment and medication the claimant is receiving, and (3) the impact of the alleged impairment on a claimant's daily routine and activities." Musgrave v. Sullivan, 966 F.2d 1371, 1375 (10th Cir. 1992). The Court finds the ALJ satisfied even this heightened duty, even though Plaintiff here was represented by counsel at the hearing. As Defendant notes and the transcript of the hearing demonstrates, the ALJ explored with Plaintiff the basis for her claim, the nature of her alleged disabling conditions, the medical care she had received and was receiving, and her daily life and any limitations her alleged disabilities caused. Finally, the ALJ asked Plaintiff's attorney if he had any additional information. Plaintiff's attorney twice stated he had no additional questions. Finally, Plaintiff was also represented by counsel at the appeals hearing, yet she submitted no additional information about her mental condition to that body.

> [W]hen the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored. Thus, in a counseled case, the ALJ may ordinarily require counsel to identify the issue or issues requiring further development.

Hawkins v. Chater, 113 F.3d 1162, 1167-68 (10th Cir 1997). Accordingly, the Court finds that the ALJ adequately developed the record regarding Plaintiff's mental impairment.

Plaintiff next argues that the ALJ erred in finding Plaintiff did not meet Listing 12.04. According to Plaintiff, the evidence at the hearing established she had disabling conditions that met or exceeded the requirement for the Listings for Affective Disorders. Plaintiff

argues that although the ALJ found no more than moderate difficulty, the medical records demonstrate serious symptoms. In response, Defendant notes that the ALJ determined that even assuming that Plaintiff met the "A" criteria, the evidence did not support a finding that Plaintiff had marked limitations in functioning using the "B" criteria. Review of the material in the record supports the ALJ's finding. While it is arguable that Plaintiff has some difficulties in daily living, the evidence establishes that none of those difficulties are so great as to meet Plaintiff's burden of proving disability at step three of the process. Accordingly, the Court finds the ALJ did not err in finding that Plaintiff did not meet the criteria of Listing 12.04.

Finally, Plaintiff argues the ALJ erred in his RFC assessment. According to Plaintiff, the ALJ stated he was relying on the opinions of Plaintiff's treating physicians but did not say what those opinions were. Plaintiff also argues that the ALJ, in essence, stated his opinion about Plaintiff's physical RFC assessment was consistent with her own assertions of disability. According to Plaintiff, this statement is incorrect, as the ALJ disregarded Plaintiff's evidence regarding the serious impact of her conditions on her ability to work. As Defendant notes, careful examination of the medical evidence in the record refutes Plaintiff's position. The medical records reveal that although Plaintiff had some physical and mental limitations, those limitations did not impair her ability to work. In short, even when viewed in Plaintiff's favor, the medical evidence on her RFC supports her ability to perform meaningful work.

Ultimately, Plaintiff merely points out conflicting evidence which could have allowed the ALJ to reach a different result. As Defendant notes, the Tenth Circuit has held that as long as substantial evidence supports the ALJ's decision, the presence of contrary evidence does not provide a basis for reversal. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting Zoltanski v. F.A.A., 372 F.3d 1195, 1200 (10th Cir. 2004)).

For the reasons set forth herein, the Court affirms the decision of the Social Security Administration in denying Plaintiff benefits. A separate judgment will issue.

IT IS SO ORDERED this 14th day of August, 2012.

_____
ROBIN J. CAUTHRON
United States District Judge